# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
                                    )
MARY ELLEN HANRAHRAN,               )
            Plaintiff,              )
                                    )   Civil Action No. 14-10397-PBS
            v.                      )
                                    )
SPECIALIZED LOAN SERVICING,         )
            Defendant.              )
                                    )
```

## ORDER

May 27, 2014

Saris, U.S.D.J.

## I. INTRODUCTION

Plaintiff Mary Ellen Hanrahran alleges that Defendant
Specialized Loan Servicing (SLS), the servicer of her mortgage
loan, did not review her application for a loan modification, in
breach of its duty of good faith and fair dealing and in
violation of Mass. Gen. Laws ch. 93A. SLS moves to dismiss for
failure to state a claim. After hearing, Defendant's Motion to
Dismiss (Docket No. 5) is **ALLOWED** as to counts I and III, and
**ALLOWED** with leave to amend as to count II.

Plaintiff's good faith and fair dealing claim (count I)
fails to state a claim because there is no contractual
relationship between the parties. SLS is a loan servicer, and not
the owner of Hanrahran's mortgage. The Home Affordable

Modification Program ("HAMP") establishes a relationship between the loan servicer and the government (Fannie Mae, acting as the agent of the U.S. Department of Treasury), but does not create an implied contract between the loan servicer and the borrower where one doesn't otherwise exist. <u>MacKenzie v. Flagstar Bank, FSB</u>, 738 F.3d 486, 491-92 (1st Cir. 2013).

As for plaintiff's "Injunctive Relief" claim (count III), injunctive relief is not a stand-alone cause of action, it is a remedy. The Court may return to the possibility of an injunction should this case proceed to the remedy stage.

Finally, the Court will dismiss plaintiff's Chapter 93A claim (count II) without prejudice. Plaintiff's complaint does not adequately allege that SLS's HAMP violation caused her economic injury. <u>See</u> <u>Rule v. Fort Dodge Animal Health, Inc.</u>, 607 F.3d 250, 255 (1st Cir. 2010) (plaintiff must sustain economic injury to maintain a Chapter 93A action).

Plaintiff may amend her complaint within 45 days of this order.


<u>/s/ PATTI B. SARIS</u>
Patti B. Saris
Chief United States District Judge